UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAURICE WALKER,

    Plaintiff,

v.

JPMORGAN CHASE BANK, N.A.,
*et al.*,

    Defendants.
_____/

Case No. 1:25-cv-853

Hon. Paul L. Maloney

MAURICE WALKER,

    Plaintiff,

v.

JPMORGAN CHASE BANK, N.A.,

    Defendant.
_____/

Case No. 1:25-cv-799

Hon. Paul L. Maloney

**REPORT AND RECOMMENDATION**

This is a consolidated case. *See* Order (ECF No. 17). In the lead case, no. 1:25-cv-853 ("853") ("*Walker II*")[1], plaintiff is suing three defendants: JPMorgan Chase Bank, N.A. ("Chase"); Equifax Inc. ("Equifax")[2]; and, Experian Information Solutions, LLC (Experian"). Defendants Equifax and Experian are collectively referred to as the consumer reporting agency defendants ("CRA Defendants"). Plaintiff filed his complaint in Michigan's 10th District Court

---

[1] Unless otherwise stated, all citations to the docket refer to the "ECF No." in case 853 (*Walker II*). The Court notes that while JPMorgan Chase Bank N.A. is the first named defendant on plaintiff's complaint (ECF No. 1-2, PageID.15-16), it is the second defendant listed on this Court's docket sheet.

[2] Defendant Equifax Inc. states that it is correctly identified as Equifax Information Solutions, LLC.

as case no. 25-06463-GC.  Defendant Equifax filed an answer (ECF No. 1-3) and then removed the case to the United States District Court for the Eastern District of Michigan (ECF No. 1).  After removal, the Eastern District transferred venue to this Court (ECF No. 8).

In the member case, no. 1:25-cv-799 ("799") ("*Walker I*") plaintiff is suing one defendant, Chase.  Plaintiff filed his complaint in Michigan's 10th District Court as case no. 25-06926-GC.  Chase removed the case to this Court.  *Walker I* (ECF No. 1).

The order consolidating these two cases stated in part,

> This matter is now before the Court on defendant JPMorgan Chase Bank, N.A.'s ("Chase") motion to consolidate two cases, *Maurice Walker v. JPMorgan Chase Bank, N.A.*; 1:25-cv-799 ("*Walker I*") and *Maurice Walker v. JPMogan Chase Bank, N.A., et al.*; 1:25-cv-853 ("*Walker II*") pursuant to FED. R. CIV. P. 42. . . .  Upon review of the filings in both *Walker I* and *Walker II*, the Court finds that both cases involve the same facts and seek the same amount in damages.  Accordingly, Chase's motion to consolidate (ECF No. 15) is **GRANTED**.  The Clerk's Office is directed to consolidate *Walker I* and *Walker II* into a single case, and to designate *Walker II* as the lead case.

Order (ECF No. 17).

In the lead case (*Walker II*) plaintiff alleged that on or about February 28, 2025, he entered into a settlement agreement with defendant Chase "concerning an outstanding credit card debt."  Compl. (ECF No. 1-2, PageID.16).  Under the terms of the agreement, plaintiff tendered and Chase accepted a payment in the amount of $1,500.00.  *Id*.  After accepting the payment, Chase allegedly "furnished information regarding the subject debt to nationwide consumer reporting agencies, specifically Experian and Equifax."  *Id*.  Plaintiff alleged that the information reported by Chase was "inaccurate and/or misleading" and that Chase "refused to refund the $1,500.00 payment tendered by the undersigned".  *Id*.  In addition, plaintiff alleged that Chase "acted in concert with, or cooperated with, consumer reporting agencies Experian and Equifax to

maintain the inaccurate information on the undersigned's credit report, despite the existence of the settlement agreement and payment." *Id*. Plaintiff seeks $25,000.00 total damages. *Id*.

In the member case (*Walker I*) plaintiff alleged essentially the same claim against defendant Chase. In that case, plaintiff identified the credit card account as ending in #3702. *Walker I* (ECF No. 1-2, PageID.9). Plaintiff included additional allegations as follows. Due to the severe distress caused by Chase's conduct, plaintiff "formally requested" that Chase "cease and desist from all further contact regarding said account." *Id*. On April 2, 2025, Chase "explicitly agreed to Plaintiff's cease and desist request." *Id*. at PageID.10. However, Chase breached this commitment and initiated contact with plaintiff after April 2, 2025. This caused plaintiff's mental health condition to significantly worsen. *Id*. Plaintiff seeks $25,000.00 in damages. *Id*.

Plaintiff did not cite federal statutes in his complaints. Defendant Equifax removed *Walker II* based on the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. ("FCRA"), on the basis that plaintiff "seemingly purports" to bring FCRA claims. *See* Notice of Removal (ECF No. 1). Similarly, defendant Chase removed *Walker I* because plaintiff "purports to assert a federal claim" under the FCRA. *Walker I* (ECF No. 1).

This matter is now before the Court on three motions: Defendant Chase's Motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (*Walker I*, ECF No. 4); Defendant Chase's Motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (ECF No. 5); and, CRA Defendants' Joint Motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and 12(c) (ECF No. 12). The motions are unopposed.

## II.    Defendants' Motions to dismiss

Defendants moved to dismiss the complaints pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. In addition, defendant Equifax moved

for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c).³ "A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) generally follows the same rules as a motion to dismiss the complaint under Rule 12(b)(6)." *Bates v. Green Farms Condominium Association*, 958 F.3d 470, 480 (6th Cir. 2020).

A complaint may be dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) if it fails to give the defendants a fair notice of the claim and the grounds upon which it rests. *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007).

> [A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and quotation marks omitted).

In making this determination, the complaint must be construed in the light most favorable to the plaintiff, and its well-pleaded facts must be accepted as true. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). While *pro se* pleadings are to be liberally construed, *see Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), "this court is not required to conjure up unpled allegations." *Dietz v. Sanders*, 100 Fed. Appx. 334, 338 (6th Cir. 2004). Thus, "an unadorned, the - defendant - unlawfully - harmed - me accusation" is insufficient to state a claim for relief. *See Iqbal*, 556 U.S. at 678.

---

³ Fed. R. Civ. P. 12(c) provides that, "After the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings."

### A.  Plaintiff did not oppose motions

As an initial matter, plaintiff did not file a response to defendants' motions to dismiss. This failure is fatal to his position, being both a forfeiture of his claim and a waiver of opposition to the relief sought in the motion. *See Notredan, L.L.C. v. Old Republic Exchange Facilitator Co.*, 531 Fed. Appx. 567, 569 (6th Cir. 2013) (the plaintiff's failure to respond to a motion to dismiss its claim amounts to a forfeiture of that claim). *See also, Scott v. Tennessee*, 878 F.2d 382 (6th Cir. 1989) (affirming district court's grant of the defendant's unopposed motion to dismiss, noting that "if a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion"); *Humphrey v.U.S. Attorney General's Office*, 279 Fed. Appx. 328, 331 (6th Cir. 2008) (same); *Thorn v. Medtronic Sofamor Danek, USA, Inc.*, 81 F. Supp. 3d 619, 631-32 (W.D. Mich. 2015) (granting defendant's motion to dismiss where "Plaintiff fatally provides no opposition to Defendants' arguments") (citing *Scott*, *Notredan*, and *Humphrey*). For this reason alone, defendants' motions to dismiss should be granted.

### B.  CRA defendants

As discussed, plaintiff did not cite a federal statute to support a claim against the CRA defendants Equifax and Experian. Based on plaintiff's allegations, it appears that his claim against these defendants involves a violation of 15 U.S.C. § 1681e(b) for including inaccurate information on his credit report.

> The relevant provision of the FCRA—15 U.S.C. § 1681e(b)—requires CRAs to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." And if a CRA negligently or willfully violates this mandate, the statute continues, an aggrieved consumer may bring suit. *Id*. § 1681n (allowing private right of action for willful noncompliance), § 1681o (same, for negligent noncompliance).

*Twumasi-Ankrah v. Checkr, Inc.*, 954 F.3d 938, 941 (6th Cir. 2020).

5

> [T]o state a claim under § 1681e(b) a plaintiff must show (1) the defendant reported inaccurate information about the plaintiff; (2) the defendant either negligently or willfully failed to follow reasonable procedures to assure maximum possible accuracy of the information about the plaintiff; (3) the plaintiff was injured; and (4) the defendant's conduct was the proximate cause of the plaintiff's injury.

*Id.* (quotation marks omitted).

Plaintiff's complaint does not allege facts sufficient to support a claim that the CRA defendants failed to follow reasonable procedures to assure the accuracy of his credit report. In addition, plaintiff's complaint consists only of the conclusory statement that Chase "acted in concert with, or cooperated with" Equifax and Experian "to maintain inaccurate information on the undersigned's credit report, despite the existence of the settlement agreement and payment." Compl. at PageID.16. Plaintiff has alleged nothing more than "an unadorned, the - defendant - unlawfully - harmed - me accusation" against Equifax and Experian which is insufficient to state a claim for relief. *See Iqbal*, 556 U.S. at 678. Accordingly, Equifax and Experian's joint motion to dismiss *Walker II* (ECF No. 12) should be granted.

### C.    Chase

In both *Walker I* and *Walker II* plaintiff alleged that Chase breached a contract, *i.e.*, a settlement agreement related to a credit card debt. As part of this breach, plaintiff appears to claim that Chase provided "inaccurate and/or misleading" information to the CRA defendants regarding the settlement agreement. Chase points out that the FCRA preempts plaintiff's claim for breach of contract which is related to alleged inaccuracies in his credit report:

> The FCRA provides that "[n]o requirement or prohibition may be imposed under the laws of any State . . . with respect to any subject matter regulated under . . . section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies[.]" 15 U.S.C. § 1681t(b)(1)(F). The Sixth Circuit Court has consistently held that the FCRA preempts state common law claims if they are based on allegations that the defendant furnished inaccurate reports to credit agencies or failed to correct such inaccuracies. *Scott v. First S. Nat'l Bank*, 936 F.3d 509, 519 (6th Cir. 2019) (preempting a plaintiff's breach of

6

> contract claims for breach of the duty of good faith and fair dealing where it was based upon negative credit reporting)[.]

Chase Brief (ECF No. 5, PageID.50). Here, plaintiff's breach of contract claim is related to Chase's reporting obligations. Accordingly, this claim is preempted by the FCRA. *See Scott*, 936 F.3d at 519.

This Court addressed a similar claim related to inaccurate reporting of information in *Moore v. Capital One Service, LLC*, No. 1:13-cv-128, 2013 WL 1136725 (Feb. 26, 2013), *R&R adopted*, 2013 WL 1129608 (W.D. Mich. March 18, 2013). In *Moore*, the plaintiff alleged that defendant Capital One Service, LLC made a "false report" to the credit bureau and " 'lied' about the outstanding balance on his credit card":

> The FCRA imposes a duty upon furnishers of credit information to report accurate information to consumer reporting agencies regarding a consumer's credit. 15 U.S.C. § 1681s2(a)(1)(A). The courts universally hold, however, that a consumer has no private cause of action for a violation of a furnisher's duty to report truthful information. *See Boggio v. USAA Fed. Sav. Bank*, 696 F.3d 611, 615-16 (6th Cir. 2012); *Bach v. First Union Nat'l Bank*, 149 F. App'x 354, 358-59 (6th Cir.2005); *Ruggiero* [*v. Kavlich*, 411 F.Supp.2d 734, 736 (N.D. Ohio 2005)]. Enforcement of the duty to provide accurate information is expressly limited by the statute to specific federal agencies and officials. 15 U.S.C. § 1681s-2(d). Consequently, plaintiff's complaint fails to state a claim upon which relief can be granted under the FCRA. Plaintiff alleges only that defendant provided inaccurate information (in plaintiff's words, "lies") to a credit reporting agency. This allegation, standing alone, states no claim under the FCRA.
>
> With regard to entities that furnish credit information, the only private cause of action under FCRA for consumers is for violation of the furnisher's duty to undertake an investigation upon receipt of a notice of dispute from a consumer reporting agency, under section 1681s-2(b). *See Boggio*, 696 F.3d at 615-16; *Bach*, 149 F. App'x at 358. The Sixth Circuit has held that a private right of action exists under this section only if plaintiff shows that the furnisher received notice from a consumer reporting agency, not the plaintiff, that the credit information is disputed. *See Boggio*, 696 F.3d at 615-16; *Downs v. Clayton Homes, Inc.*, 88 F. App'x 851, 853-54 (6th Cir. 2004). Consequently, to state a claim, plaintiff must allege that he complained to a credit reporting agency, that the credit reporting agency notified defendant of the dispute, and that defendant failed to conduct a reasonable investigation or other specific duty established by the FCRA. . . Although plaintiff asserts, albeit inferentially, that he complained to defendant, he does not allege that defendant received notification from a credit reporting agency concerning the existence of a dispute. In such circumstances, no duty of investigation is triggered under FCRA, and no private right of action exists.

7

*Moore*, 2013 WL 1136725 at *3.

In summary, plaintiff's allegations against defendant Chase in *Walker I* and *Walker II* fail to allege facts to establish a private cause of action in violation of the FCRA. Rather, plaintiff's complaint merely makes a conclusory allegation that Chase furnished the CRA defendants with inaccurate and/or misleading information. *See id*. Accordingly, Chase's motions to dismiss *Walker II* (ECF No. 5) and *Walker I* (ECF No. 4) should be granted.

### III.   RECOMMENDATION

For these reasons, I respectfully recommend that defendant Chase's Motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (ECF No. 5) be **GRANTED**.

I further recommend that defendants Equifax and Experian's Joint Motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and 12(c)(ECF No. 12) be **GRANTED**.

I further respectfully recommend that defendant Chase's Motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) in the member case (*Walker I*, ECF No. 4) be **GRANTED**.

I further recommend that both the lead case, 1:25-cv-853 (*Walker II*) and the member case, 1:25-cv-799 (*Walker I*) be **DISMISSED**.


Date: January 2, 2026                  /s/ Ray Kent
                                       Ray Kent
                                       U.S. Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).